PREFERRED MASONIC MUT. ACC. ASSN. v. M. J. HARRINGTON.

1. AMENDMENT OF PETITION AFTER VERDICT.

Amendment of the petition after verdict in favor of plaintiff setting up waiver of the conditions of an accident policy as to prepayment of premiums may properly be permitted under Sec. 5114 Rev. Stat., where it appears that trial was had in part upon that theory.

[For other cases in point, see 6 Cyc. Dig., "Pleading," §§ 1082-1091.—Ed.]

2. RECEIPT FOR INSURANCE PREMIUM BEING PRODUCED DISPENSES WITH QUESTION OF WAIVER OF PREPAYMENT CONDITION.

Production of the receipt of an insurance association for the last quarter is *prima facie* evidence of payment, and in the absence of any explanation entitles the insured to a recovery on the policy regardless of any question of waiver of the condition thereof requiring prepayment of premiums.

3. UNIDENTIFIED DEPOSITION NOT CONSIDERED AS PART OF BILL OF EXCEPTIONS.

A deposition not identified by any mark as to the deposition offered in evidence on the trial, cannot be considered as part of the bill of exceptions.

4. NECESSITY OF EXCEPTION TO FAILURE OF JURY TO ANSWER INTERROGATORIES.

Failure of a jury to answer certain special interrogatories, not being excepted to until after verdict and jury discharged is not available on error.

ERROR to Hamilton common pleas court.

F. T. Lodge, Boyce & Boyd and M. C. Slutes, for plaintiff in error:

Cited and commented upon the following authorities: *Eureka Fire & Mar. Ins. Co.* v. *Baldwin,* 62 Ohio St. 368 [57 N. E. Rep. 57] ; *Balt. & O. Ry.* v. *McPeek,* 8 Circ. Dec. 742 (16 R. 87) ; *Schweinfurth* v. *Railway,* 39 Bull. 303; *Clev. C. C. & St. L. Ry.* v. *St. Bernard,* 10 Circ. Dec. 415 (19 R. 299) ; *Wilson* v. *Railway,* 57 Mich. 155 [23 N. W. Rep. 627] ; *Meyers* v. *Insurance Co.* 7 Dec. 573 (6 N. P. 34) ; *Fidelity Mut. Life Ins. Co.* v. *Troy,* 10 Circ. Dec. 761 (20 R. 644) ; *Ohio Farmers Ins. Co.* v. *Wilson,* 70 Ohio St. 354 [71 N. E. Rep. 715] ; *Union Mut. Life Ins. Co.* v. *McMillen,* 24 Ohio St. 67; *Union Cent. Life Ins. Co.* v. *Hook,* 62 Ohio St. 256 [56 N. E. Rep. 906] ; *Robert* v. *Insurance Co.* 12 Dec. Re. 668 (1 Disn. 355) ; *Robert* v. *Insurance Co.* 13 Dec. Re. 66 (2 Disn. 106) ; *Union Cent. Life Ins. Co.* v. *Buxer,* 62 Ohio St. 385 [57 N. E. Rep. 66; 49 L. R. A. 737] ; *Jander* v. *Insurance Co.* 9 Circ. Dec. 462 (16 R. 536) ; *Travellers Ins. Co.* v. *Myers,* 62 Ohio St. 529 [57 N. E.

Accident Association v. Harrington.

Rep. 458; 49 L. R. A. 760]; *Stark Co. Mut. Life Ins. Co.* v. *Hurd*, 19 Ohio 149; *Billings* v. *Insurance Co.* 14 Dec. 387; *Metropolitan Life Ins. Co.* v. *Walton,* 25 O. C. C. 587; *Mutual Reserve Fund Life Assn.,* v. *Finnigan*, 74 Ohio St. 504 [78 N. E. Rep. 1133].

**M. G. Heintz,** for defendant in error:

Cited and commented upon the following authorities: *Knickerbocker Life Ins. Co.* v. *Norton*, 96 U. S. 234 [24 L. Ed. 689]; *Phoenix Mut. Life Ins. Co.* v. *Doster*, 106 U. S. 30 [1 Sup. Ct. Rep. 18; 27 L. Ed. 65]; *Viele* v. *Insurance Co.* 26 Iowa 9 [96 Am. Dec. 83]; *Elmer* v. *Life Assn.* 64 Hun 639 [19 N. Y. Supp. 289]; *McGowan* v. *Legion of Honor*, 98 Iowa 118 [67 N. W. Rep. 89]; *Metropolitan Safety Fund Acc. Assn.* v. *Windover*, 137 Ill. 417 [27 N. E. Rep. 538]; *Farnum* v. *Insurance Co.* 83 Cal. 246 [23 Pac. Rep. 869; 17 Am. Dec. 233]; *Chicago Life Ins. Co.* v. *Warner*, 80 Ill. 410; *Osterloh* v. *Insurance Co.* 60 Wis. 126 [18 N. W. Rep. 749]; *Hopkins* v. *Insurance Co.* 43 U. C. Q. B. 254; Cooley's Briefs on Insurance 2473-2497; *Ohio Farmers Ins. Co.* v. *Burget*, 9 Circ. Dec. 369 (17 R. 619); *Kelly* v. *Insurance Co.* 106 App. Div. 352 [94 N. Y. Supp. 601]; *Beatty* v. *Life Assn.* 75 Fed. Rep. 65 [21 C. C. A. 227]; *Union Mut. Life Ins. Co.* v. *McMillen*, 24 Ohio St. 67; *Aetna Life Ins. Co.* v. *Frierson*, 114 Fed. Rep. 56 [51 C. C. A. 424]; *New York Life Ins. Co.* v. *Baker*, 83 Fed. Rep. 647 [27 C. C. A. 658]; *Westchester Fire Ins. Co.* v. *Earle*, 33 Mich. 143; *Mutual Reserve Fund Life Assn.* v. *Woolen Mills*, 82 Fed. Rep. 508 [27 C. C. A. 212]; *Mutual Life Ins. Co.* v. *French*, 30 Ohio St. 240 [27 Am. Rep. 443]; May, Insurance Secs. 56, 60; *Hartford Protective Ins. Co.* v. *Harmer*, 2 Ohio St. 452 [59 Am. Dec. 684]; *Ohio Farmers Ins. Co.* v. *Danison*, 1 O. S. C. D. 653 (38 Bull. 163); *Despatch Line* v. *Glenny*, 41 Ohio St. 166; *Legg* v. *Drake*, 1 Ohio St. 286.

**GIFFEN, J.**

This action was founded upon a policy of accident insurance. The plaintiff in her petition alleged full performance of all its conditions. The answer contains a general denial of such performance, and an averment that the last quarterly payment due before the accident was not paid, and that by the terms of the policy it thereby lapsed and became void and of no effect.

After verdict for plaintiff the court permitted plaintiff to file an amended petition, setting up a waiver of the condition of the policy requiring prepayment of the quarterly premium due January 30, 1903. The case was tried partly upon this theory, and there was no error in permitting the amendment. Section 5114 Rev. Stat.

Hamilton County.

The production of the receipt of the association for the quarterly premium was *prima facie* evidence of payment, and in the absence of any explanation entitled the plaintiff to a verdict without regard to any question of waiver. *Neil* v. *Hepburn,* 6 Ohio 534.

The deposition of the witness, Warner, attached to the bill of exceptions is not identified by any mark as the deposition offered in evidence, and hence cannot be considered as a part of the bill, nor will the court consider the alleged errors that the verdict is not sustained by sufficient evidence, and that the court refused to instruct the jury to return a verdict for the defendant. *Lake Erie & W. Ry.* v. *Mackey,* 53 Ohio St. 370 [41 N. E. Rep. 980; 29 L. R. A. 757; 53 Am. St. Rep. 640].

Such of the numerous special instructions requested by the defendant as were refused had either already been substantially given to the jury, or were afterwards embraced in the general charge, or were inapplicable to the case as presented by the record.

The failure of the jury to answer the three special interrogatories was not excepted to until after the jury was discharged, and will not avail as a ground of error.

We find no prejudicial error in the record and the judgment will be affirmed.

**Swing** and **Smith, JJ.,** concur.